UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WILLIAMS, Jr., <br><br> Plaintiff, <br><br> v. <br><br> OFFICER JOHNSON, <br><br> Defendant. | No. 2:17-cv-2659 AC P <br><br><br> <u>ORDER</u> and <br><br> <u>FINDINGS AND RECOMMENDATIONS</u> |

I.     <u>Introduction</u>

Plaintiff is a state prisoner at the California State Prison Solano (CSP-SOL), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, plaintiff's request to proceed in forma pauperis is granted; however, the undersigned recommends that this action be dismissed without leave to amend for failure to state a cognizable federal claim.

II.     <u>In Forma Pauperis Application</u>

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). <u>See</u> ECF No. 6. Accordingly, plaintiff's request to

proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

    III.     Screening of Plaintiff's Complaint

        A.     Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

2

claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

The complaint alleges that correctional officer Johnson, the sole defendant, made a "terrorist threat of excessive force" based on the following circumstances:

> C/O Johnson cursed me out and [threatened] with terrorism [threatened] by putting my life in danger by said that he was going to shake the unit down all because on 11-11-17 C/O Johnson stop me at the unit housing door and ask me for my ID, so he check my CDC number and he seen that, that number match the number that was on the paper that had my name on it so he waiting for 15 minute before I ask him for my CDC ID back. He said I give it back when I get ready to. I reach my hand out for it. He stated that he do what he want and when he want to. C/O Johnson abusing his authority as a peace officer. He said that he seen me get something from a inmate hands. That was my name and number.

ECF No. 1 at 3-4. Plaintiff seeks $90,000 in damages. Id. at 6. Plaintiff's efforts to administratively appeal this matter in the prison as a staff complaint were rejected. Id. at 8-17.

C. Analysis

" '[V]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987) (quoting

Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979)); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998). Even threats of bodily injury are insufficient to state a claim, because a "mere naked threat" is not the equivalent of doing the act itself. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). In limited circumstances, a correctional official's verbal harassment that is clearly intended to humiliate or directly endanger a prisoner may violate the Constitution. See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (noting dual requirements under Hudson v. McMillan, 503 U.S. 1, 8 (1992) that the official must act with a sufficiently culpable state of mind and the challenged conduct be sufficiently harmful, and collecting cases).

Applying these standards, the court finds that Johnson's alleged threat to "shake the unit down," under the circumstances described by plaintiff, constituted no more than a "naked threat." The scenario presented in the complaint does not support an inference that Johnson harbored a sufficiently culpable state of mind to execute his threat or, even if he did, that "shaking down the unit" would be unauthorized or harmful; certainly, such conduct in the prison setting is not terroristic. The allegation that Johnson routinely made similar comments to other inmates, ECF No. 1 at 4, underscores the reasonable inference that Johnson's challenged statements were merely intended to remind plaintiff (and others) that Johnson held a position of authority. The inappropriate or offensive nature of this "reminder" does not create a constitutional violation. For these reasons, the court finds that plaintiff's allegations fail to support a cognizable constitutional claim.

The court also finds that amendment of the complaint would be futile. The undersigned is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

////

IV.     Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 6, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a cognizable claim under 42 U.S.C. § 1983.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 22, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE